IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-CR-92-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| STEPHEN BRADFORD NICHOLS, | ) |
| | ) |

This matter is before the Court on a letter from defendant Stephen Bradford Nichols, which the Court construes as a pro se motion for jail credit [DE 90], and the government's motion to dismiss [DE 95]. For the following reasons, the government's motion is granted and defendant's motion is dismissed.

BACKGROUND

On August 20, 2012, Mr. Nichols was sentenced by this Court to concurrent 100-month terms of imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of stolen firearms in violation of 18 U.S.C. § 922(j). The Court ran these sentences concurrently with defendant's Virginia state court sentence for unrelated offenses and probation revocations. To ensure the federal and state sentences were run concurrently, the Federal Bureau of Prisons designated the Virginia Department of Corrections as the facility for service of the federal sentence [DE 96–2]. Mr. Nichols currently is serving both sentences in St. Brides Correctional Facility in Chesapeake, Virginia. His state release date is January 13, 2020, and his federal release date is November 13, 2019.

In the instant motion, Mr. Nichols argues that the Bureau of Prisons did not include the nine month period that he spent in United States Marshals custody[1] when calculating his sentence for the Virginia Department of Corrections. [DE 90 at 2]. The government has moved to dismiss for lack of jurisdiction and failure to state a claim.

DISCUSSION

The Court must begin by properly characterizing this motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005). Further, this motion cannot be construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Lightner*, 266 F. App'x 240, 241–42 (4th Cir. 2008). Rather than argue that a clerical error exists, Mr. Nichols challenges the manner in which his creditable time was calculated by the Bureau of Prisons. Rule 36 has no application here.

Therefore, this motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 52–53 (1995). A § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner. *See Romandine v. United States*, 206 F.3d 781, 736 (7th Cir. 2000); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Mr. Nichols is currently incarcerated at St. Brides Correctional Center in Chesapeake, Virginia, which is not within this Court's jurisdiction.

---

[1] Mr. Nichols was in federal custody from approximately December 20, 2012 to August 20, 2012, during the pendency of his federal case.

Accordingly, the Court lacks jurisdiction over Mr. Nichols's motion, and the government's motion to dismiss must be granted.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 95] is GRANTED and defendant's motion [DE 90] is DISMISSED.

SO ORDERED, this 19 day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE