IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-92-BO-1

| | |
|---|---|
| STEPHEN NICHOLS,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's *pro se* motion for modification of his sentence. [DE 98]. The matter has been fully briefed and is ripe for disposition. For the reasons discussed below, petitioner's motion for modification of his sentence [DE 98] is DENIED.

## BACKGROUND

In May 2012, petitioner was convicted, following a jury trial, of possession of stolen firearms, possession of firearms by a felon, and aiding and abetting in violation of 18 U.S.C. §§ 922(j), 924(a)(2), 924, and 2. [DE 57, 74]. In August 2012, petitioner was sentenced to 100 months' imprisonment. [DE 72, 74]. The Court ordered petitioner's federal sentence to be run concurrently with an unrelated state term of imprisonment. In June 2013, the Fourth Circuit affirmed petitioner's conviction and sentence. [DE 87, 88].

In August 2018, petitioner filed the instant motion for modification of his sentence, asking the Court to grant him probation or supervised release for the remainder of his federal sentence due to his parents' poor health and their need for a caregiver. [DE 98].

## DISCUSSION

A court's ability to modify a term of imprisonment after it has been imposed is limited. *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010). 18 U.S.C. § 3582(c) provides that a

court "may not modify a term of imprisonment once it has been imposed" unless (1) the Bureau of Prisons (BOP) moves for a reduction, (2) the U.S. Sentencing Commission amends the applicable guideline range, or (3) another statute or Federal Rule of Criminal Procedure 35 expressly permits the court to do so. Absent these conditions, the Court is "without jurisdiction to grant the relief sought." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010).

Petitioner's motion for modification of his sentence must be denied because none of the requirements of 18 U.S.C. § 3582(c) are met and, as a result, this Court lacks jurisdiction to modify petitioner's sentence. To the extent that petitioner seeks modification on compassionate grounds, 18 U.S.C. § 3582(c)(1)(A) allows a court to grant compassionate release only upon a motion by the BOP Director. Whether to make this motion is solely in the Director's discretion, and is not subject to judicial review. *See, e.g., Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987) (Administrative Procedure Act precludes judicial review of a BOP Director's decision under § 3582(c)(1)(A)'s predecessor, 18 U.S.C. 502(g)); *Fernandez v. United States*, 941 F.2d 1488, 1492–93 (11th Cir. 1991) (BOP has absolute discretion over whether to utilize statute to move sentencing court to reduce term of imprisonment and district court is precluded from reviewing BOP's inaction); *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (unpublished) (district court lacks jurisdiction to grant compassionate release, even of terminally ill inmate, in absence of motion by BOP Director). Thus, the Court cannot review the BOP's refusal to ask this court for a reduction in petitioner's sentence nor does it have jurisdiction to consider petitioner's motion.

Petitioner has not raised any other grounds that would justify exercising jurisdiction under 18 U.S.C. § 3582(c). Accordingly, petitioner's motion must be denied under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

2

## CONCLUSION

For the above reasons, petitioner's motion for modification of his sentence [DE 98] is DENIED.

SO ORDERED, this 23 day of February, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE